## William Eckert, Defendant in Error, v. Edward H. Marhoefer et al., Plaintiffs in Error

### Gen. No. 19,094. (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed March 29, 1915.

### Statement of the Case.

Action by William Eckert, plaintiff, against Edward H. Marhoefer, Wellington T. Stewart and William A. Thompson, defendants.

The action involves collaterally the contract between Wellington T. Stewart, William A. Thompson and Edward H. Marhoefer, described in the opinion in *Hoffman v. Stewart,* 184 Ill. App. 66, and in the opinion in *Cross & Banta Show Printing Co. v. Marhoefer,* 185 Ill. App. 360.

The contract on which the action is founded was entered into in July, 1911, and was completed before September 1st.

The only contract of partnership between defendant and the persons who claimed to have incurred the liability as partners introduced in evidence was dated September 1, 1911.

To reverse a judgment for plaintiff, defendants prosecute this writ of error.

BUNGE, HARBOUR & CHADWICK, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 1144*—*when partner not liable for antecedent indebtedness of other member.* Where the only evidence showing the formation of a partnership on an alleged indebtedness of which it is sought to hold defendants liable as partners shows that the alleged partnership was entered into on September 1, 1911, while the contract on which plaintiff's claim is based is shown to have been entered into in July, 1911, and to have been entirely or substantially completed before September 1, 1911, defendants are not liable.

2. PAYMENT, § 6*—*when action will not lie by original holder after negotiation of note.* One who takes a note of his debtor in payment and disposes of it to a presumably innocent purchaser cannot, while the note is outstanding, recover a judgment against the maker on the original indebtedness.